FILED

OCT 1 7 2017

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN THE MATTER OF AN APPLICATION )
OF THE UNITED STATES OF AMERICA )
FOR A WARRANT TO OBTAIN )
RECORDS, LOCATION INFORMATION, )
INCLUDING PRECISION LOCATION )
INFORMATION, CELL SITE )
INFORMATION, AND OTHER )
SIGNALING INFORMATION )
ASSOCIATED WITH THE CELLULAR )
TELEPHONE HAVING THE NUMBERS )
314-356-6418 )
)

No. 4:17 MJ 5249 NAB

**FILED UNDER SEAL**

## APPLICATION

COMES NOW the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Thomas J. Mehan, Assistant United States Attorney for said District, and hereby makes application to this Court for a warrant and order, pursuant to Title 18, United States Code, Sections 2703(c)(1)(A) and 3123, authorizing agents/officers of the United States Marshal Service (USMS) (hereinafter referred to as "investigative agency(ies)"), and other authorized federal/state/local law enforcement agencies, to obtain records and location information, including precision location information, cell site location information, and other signaling information, associated with the following cellular telephone, which is further identified as follows:

**TELEPHONE NO.:** 314-356-6418

**ESN/IMSI NO.:**     Unknown

## I.    Introduction & Relief Requested

1.    The undersigned applicant for the Government is an Assistant United States Attorney in the Office of the United States Attorney for the Eastern District of Missouri, and an "attorney for the Government," as defined in Fed. R. Crim. P. 1(b)(1)(B).    Therefore, pursuant to Title 18, United States Code, Sections 2703(c) and 3122(a)(1), the undersigned may apply for an Order authorizing the disclosure of the telecommunication records and information requested herein.

2.    The **subject cellular telephone** is serviced by VERIZON.    The records and information requested herein are directed at location-related information and subscriber information associated with the **subject cellular telephone**, and may include information related to when the **subject cellular telephone** is located in a protected space, such as a residence.    This application does not seek to compel or acquire the disclosure of the content of any communications.

3.    The USMS has probable cause to believe that the **subject cellular telephone** is currently being used by DEMONTA WHITT who is charged with violations of conditions of supervised release – Title 18, United States Code, Section 1073- Unlawful flight to avoid prosecution, and whose whereabouts are currently unknown.

4.    The Government makes this application upon a showing of probable cause. Attached to this application and incorporated by reference as if fully set out herein is the affidavit of Deputy USM Jonathan Lukowski, which alleges facts in order to show that there is probable cause to believe that the location and arrest of DEMONTA WHITT can be obtained by locating and monitoring the location of the **subject cellular telephone**, without geographic limitation

2

within the United States, including by obtaining precision location information (e.g., GPS information), cell site information, signaling information, and records concerning the **subject cellular telephone** for a period of forty-five (45) days measured from the date the Warrant is issued -- *i.e.*, from October 17, 2017, to November 30, 2017, 11:59 p.m. (CT).

5.       The present application requests relief in three forms.    First, the application requests relief in the form of precision location information, including GPS information, associated with the **subject cellular telephone**.    Second, the application requests subscriber records and cell site information, which does not include precision location information, associated with the **subject cellular telephone**. Third, the application requests authorization for the installation and use of pen register and trap-and-trace devices.

## II.     **Precision Location Information Request**

1.       The Government requests a warrant directing VERIZON, any telecommunication service providers reflected in Attachment 1, to include providers of any type of wire and/or electronic communications    (herein incorporated by reference), and any other applicable service providers, to provide precision location information, including Global Position System (GPS) information, but not the contents of any communications, associated with the **subject cellular telephone**, for a period of forty-five (45) days from the date of any warrant issued hereon -- *i.e.*, from October 17, 2017, to November 30, 2017, 11:59 p.m. (CT).

2.       VERIZON is a service provider within the meaning of Title 18, United States Code, Section 2510(15), and as such, is subject to Title 18, United States Code, Section 2703(c)(1)(A) which states:

> (c)     Records concerning electronic communication service or remote computing service.--(1) A governmental entity may require

a provider of electronic communication service or remote computing service to disclose a record of other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity--

(A)   obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure...by a court of competent jurisdiction....

3.     The Court has jurisdiction to issue a warrant for the disclosure of precision location information, as requested herein, because it is "a court of competent jurisdiction," as defined in Title 18, United States Code, Sections 2711(3), and 2703(a), (b), and (c).   Specifically, the Court has jurisdiction over the offense being investigated.

4.     Title 18, United States Code, Section 2703(g) provides that an officer is not required to be present for the service or execution of a warrant issued under Section 2703.   In particular, Section 2703(g) states:

Notwithstanding section 3105 of this title, the presence of an officer shall not be required for service or execution of a search warrant issued in accordance with this chapter requiring disclosure by a provider of electronic communications service or remote computing service of the contents of communications or records or other information pertaining to a subscriber or customer of such service.

5.     Title 18, United States Code, Section 2703(c)(3) permits the government to obtain the requested information and records without providing notice to any subscriber or customer.   In particular, Section 2703(c)(3) states: "A governmental entity receiving records or information under this subsection is not required to provide notice to a subscriber or customer."

### III.     Cell Site Location Information Request

1.     The Government requests a warrant directing VERIZON, any telecommunication service providers reflected in Attachment 1, to include providers of any type of wire and/or

4

electronic communications, and any other applicable service providers, to provide certain telecommunication records and information, including cell site location information, but not the contents of any communication, for the time period of thirty (30) days prior to the warrant and for a period of forty-five (45) days from the date of any warrant issued hereon -- *i.e.*, from October 17, 2017, to November 30, 2017, 11:59 p.m. (CT).     In particular, the Government requests the following telecommunication records and information:

(1)     subscriber information and all telephone numbers, ESN, MIN, IMEI, MSID or IMSI numbers, including any and all customer service records, credit and billing records, can-be-reached numbers (CBR), enhanced custom calling features, and primary long-distance carrier;

(2)     subscriber information available for any originating telephone number;

(3)     Automated Messaging Accounting (AMA) records (a carrier billing mechanism data base search which provides records of originating and terminating caller information for calls at the **subject cellular telephone**) for the above-specified time period;

(4)     cellular telephone records and information pertaining to the following, for the above-specified time period:

(a)     call detail information (provided in an electronic format specified by the agents/officers of the investigative agency(ies), and other authorized federal/state/local law enforcement agencies);

(b)     cell site activation information, including information identifying the antenna tower receiving transmissions from the **subject cellular telephone**

5

number, and any information on what portion of that tower is receiving a transmission from the **subject cellular telephone** number, at the beginning and end of a particular telephone call made to or received by the **subject cellular telephone** number;

(c)     numbers dialed;

(d)     call duration;

(e)     incoming numbers if identified;

(f)     signaling information pertaining to that number;

(g)     a listing of all control channels and their corresponding cell sites;

(h)     an engineering map showing all cell site tower locations, sectors and orientations; and

(i)     subscriber information, including the names, addresses, credit and billing information, published and non-published for the telephone numbers being dialed from the **subject cellular telephone**.

2.     VERIZON is a service provider within the meaning of Title 18, United States Code, Section 2510(15), and as such, is subject to Title 18, United States Code, Section 2703(c)(1)(A) which states:

(c)     Records concerning electronic communication service or remote computing service.--(1) A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record of other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity--

(A)    obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure...by a court of competent jurisdiction....

3.    The Court has jurisdiction to issue a warrant for the disclosure of requested telecommunications records, including cell site records because it is "a court of competent jurisdiction," as defined in Title 18, United States Code, Sections 2711(3), and 2703(a), (b), and (c).   Specifically, the Court has jurisdiction over the offense being investigated.

4.    Title 18, United States Code, Section 2703(g) provides that an officer is not required to be present for the service or execution of a warrant issued under Section 2703.   In particular, Section 2703(g) states:

> Notwithstanding section 3105 of this title, the presence of an officer shall not be required for service or execution of a search warrant issued in accordance with this chapter requiring disclosure by a provider of electronic communications service or remote computing service of the contents of communications or records or other information pertaining to a subscriber or customer of such service.

5.    Title 18, United States Code, Section 2703(c)(3) permits the government to obtain the requested information and records without providing notice to any subscriber or customer.   In particular, Section 2703(c)(3) states: "A governmental entity receiving records or information under this subsection is not required to provide notice to a subscriber or customer."

## IV.    Pen Register, Trap-and-Trace Request

1.    The Government's application seeks an Order, pursuant to Title 18, United States Code, Section 3122, authorizing the installation and use of pen register and trap-and-trace devices, including enhanced caller identification, as defined in Title 18, United States Code, Section 3127, without geographic limitation within the United States, and including an Order authorizing the installation and use of a pen register to record or decode dialing, routing, addressing, or signaling

7

information transmitted by the **subject cellular telephone** number further identified herein, and a trap-and-trace device, including enhanced caller identification, which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing and signaling information reasonably likely to identify the source of a wire or electronic communication to and from the **subject cellular telephone** number, direct connect, Voice-over-LTE (VoLTE), non-content data transmissions, or digital dispatch dialings (if applicable), the dates and times of such dialings, and the length of time of the connections, for a period of forty-five (45) days from the date of any warrant issued hereon -- *i.e.*, from October 17 2017, to November 30, 2017, 11:59 p.m. (CT).

      2.    In making this application, the Government does not seek the contents of any communication, such that other legal process would be required.

      3.    As previously outlined, the Government certifies that the information likely to be obtained through the aforesaid pen register and trap-and-trace devices, including enhanced caller identification, is relevant to an ongoing criminal investigation.

      4.    The Government further requests that the Order direct the telecommunications service providers reflected in Attachment 1, to include providers of any type of wire and/or electronic communications, here incorporated by reference, and any other applicable service providers, to initiate caller identification on the subject cellular telephone number listed above, without the knowledge of or notification to the subscriber, for the purpose of registering incoming telephone numbers.

      5.    The Government further requests that the Order direct the furnishing of information, facilities, and technical assistance, as necessary, to unobtrusively accomplish the

installation and use of the pen register and trap-and-trace devices, including enhanced caller identification, by the telecommunications service providers reflected in Attachment 1, to include providers of any type of wire and/or electronic communications   and any other applicable service providers, and with a minimum of disruption of normal telephone service.

6.     The Government further requests that the Order direct that the results of the pen register and trap-and-trace devices, including enhanced caller identification, be provided to the agents/officers of the investigative agency(ies) at reasonable intervals for the duration of the Order.

## V.     Changed Numbers, Compensation and Sealing

1.     The Government requests that should the subject cellular telephone and/or ESN, MIN, IMEI, MSID or IMSI number listed above be changed by the subscriber during the effective period of any Order granted as a result of this application, that the Court order the request for pen register and trap-and-trace devices remain in effect for any new telephone to which the subject cellular telephone listed above is changed, throughout the effective period of such Order.

2.     The Government further requests that the Order direct that the lead investigative agency provide the telecommunications service providers reflected in Attachment 1, to include providers of any type of wire and/or electronic communications, and any other applicable service providers, just compensation for reasonable expenses incurred in providing such information, facilities and technical assistance.

## VI.     Sealing and Miscellaneous Considerations

1.     Pursuant to Title 18, United States Code, Section 2703, the Government requests that the Court direct that the telecommunications service providers reflected in Attachment 1, to include providers of any type of wire and/or electronic communications, and any other applicable

service providers, shall provide the agents/officers of the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, with the following:

    (1)  subscriber information;

    (2) length of service (including start date);

    (3) the types of service utilized;

    (4) instrument number or other subscriber number or identity, including any temporarily assigned network address;

    (5) all available names, addresses, and identifying information, and other subscriber and service feature information;

    (6)  toll records including incoming and outgoing telephone numbers;

    (7) credit information, billing information, and air-time summaries for available service periods, for the IP (internet protocol) addresses being utilized by and signaled to and from the aforementioned subject cellular telephone,

for the telephone numbers being dialed to and from the aforementioned **subject cellular telephone** at reasonable intervals for the past thirty (30) days from the date of this Warrant and at reasonable intervals for a period of forty-five (45) days from the date of any warrant issued hereon -- *i.e.*, from October 17, 2017, to November 30, 2017, 11:59 p.m. (CT).

    2.      Pursuant to Title 18, United States Code, Section 2703(c)(3), the Government entity or agency receiving these records or information as a result of this application and accompanying warrant and order will not provide notice to the subscriber or customer of the **subject cellular telephone**.

3.      Pursuant to Title 18, United States Code, Sections 3123(d)(1) and (2) and 2705(b), the Court direct the telecommunications service providers reflected in Attachment 1, to include providers of any type of wire and/or electronic communications, and any other applicable service providers, not to disclose the existence of this application and/or any warrant or order issued upon this application, or the existence of the investigation, to a subscriber or lessee or to any other person unless and until authorized to do so by the Court, except that the provider may disclose the warrant and any Order to an attorney for the provider for the purpose of receiving legal advice.  The Government will notify the court when an indictment in any underlying investigation has been returned and unsealed, or the government finalizes or closes any associated criminal investigation, and, when appropriate, move the Court for an Order that would allow the provider to notify others of the existence of the warrant.

4.      The information requested herein does not require a physical intrusion or physical trespass into any protected space.   Accordingly, it is respectively requested that the warrant authorize the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, to obtain the location information described herein at any time, day or night.

5.      The Government further requests that the Order direct that the investigative agency(ies) provide the telecommunication providers reflected in Attachment 1, to include providers of any type of wire and/or electronic communications, and any other applicable service providers, just compensation for reasonable expenses incurred in providing such information, facilities and technical assistance.

6.      In light of the ongoing nature of the investigation as reflected in the attached affidavit, and because disclosure at this time would seriously jeopardize the investigation,

including by giving the subject(s) an opportunity to destroy and/or tamper with evidence and flee, applicant requests that the application, affidavit and warrant be sealed.

WHEREFORE, on the basis of the allegations contained in this application, and on the basis of the affidavit of Deputy USM Jonathan Lukowski, which is attached hereto and made a part hereof, applicant requests this Court to issue a Warrant authorizing agents/officers of USMS (the investigative agency(ies)), and other authorized federal/state/local law enforcement agencies, to obtain location information, including precision location information, cell site location information, and other signaling information associated with the **subject cellular telephone**.

I declare under penalty of perjury that the foregoing is true and correct to the best of my current knowledge, information, and belief.

Dated this _____ 17th _____ day of October, 2017.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

THOMAS J. MEHAN, #28958MO
Assistant United States Attorney

12

FILED

OCT 17 2017

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION ) | |
| OF THE UNITED STATES OF AMERICA ) | |
| FOR A WARRANT TO OBTAIN ) | No. 4:17 MJ 5249 NAB |
| RECORDS, LOCATION INFORMATION, ) | |
| INCLUDING PRECISION LOCATION ) | |
| INFORMATION, CELL SITE ) | **FILED UNDER SEAL** |
| INFORMATION, AND OTHER ) | |
| SIGNALING INFORMATION ) | |
| ASSOCIATED WITH THE CELLULAR ) | |
| TELEPHONE HAVING THE NUMBERS ) | |
| 314-356-6418 ) | |
| ) | |

**AFFIDAVIT**

I, Jonathan Lukowski, being duly sworn, deposes and says that he is a Deputy with the United States Marshals Service (USMS), duly appointed according to law and acting as such.

**Introduction**

Your Affiant, Jonathan Lukowski, am a Deputy United States Marshal with the United States Marshals Service ("USMS") and, as such, I am charged with enforcing all laws in all jurisdictions of the United States, its territories and possessions.   My current duty assignment is in the Eastern District of Missouri.   My primary duty and assignment obligates me to investigative, locate, and apprehend state and federal fugitives.   I have been employed as a Deputy United States Marshal for over six (6) years, and was previously employed for more than 6 years as a law enforcement officer in the state of Illinois.

As this affidavit is submitted for the limited purpose of establishing probable cause to locate and monitor the location of a cellular telephone as part of a criminal investigation, it does not set forth all of my knowledge regarding this matter.

Upon information and belief, and as explained in greater detail below, the VERIZON cellular telephone bearing number 314-356-6418 (hereinafter the **"subject cellular telephone"**) has been used, and is presently being used, by Demonta WHITT, a fugitive wanted for federal supervised release violations -   Title 18, United States Code, Section 1073 - Unlawful flight to avoid prosecution, and whose whereabouts are currently unknown.

The present affidavit is being submitted in connection with an application of the Government for a warrant and order authorizing agents/officers of the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, to obtain location information, including precision location information, cell site location information, and other signaling information, including pen register information, in an effort to locate and monitor the location of the **subject cellular telephone**.

Your affiant further states that there is probable cause to believe that the location information associated with the **subject cellular telephone** will lead to the location and arrest of Demonta WHITT.

## Investigation and Probable Cause

### CASE BACKGROUND

On October 5, 2017, in the Eastern District of Missouri, an arrest warrant was issued for WHITT, charging violations of conditions of supervised release – Title 18, United States Code, Section 1073- Unlawful flight to avoid prosecution.   WHITT was previously convicted of a federal weapons violation in Cause No. 4:12 CR 132 JAR - Title 18, United States Code, Section 922(a)(3) Unlawful interstate transfer or receipt of a firearm.   The United States Marshals Service (USMS) subsequently initiated a fugitive investigation for WHITT.   Information provided to

2

USMS investigators indicated WHITT absconded from supervision and his whereabouts are currently unknown.

The investigation has clearly demonstrated that the **subject cellular telephone** is being used by DEMONTA WHITT who is charged with violations of conditions of supervised release – Title 18, United States Code, Section 1073- Unlawful flight to avoid prosecution, and whose whereabouts are currently unknown.   It is critical that the investigative team be able to locate and monitor the movements of the **subject cellular telephone** thereby assisting in the location and arrest of DEMONTA WHITT.   Your affiant believes that the requested authorization would be a valuable asset in achieving the overall goals of the investigation.

## PROBABLE CAUSE

On October 17, 2017, an arrest team made up of USMS personnel, went to a residence in Florissant, Missouri. The residence was identified during the course of the investigation as WHITT's primary residence.   Additionally, police recently had contact with WHITT at the residence.   The arrest team did not locate WHITT, but made contact with WHITT's brother. WHITT's brother indicated he did not know WHITT's whereabouts.

The arrest team also identified a confidential Source of Information ("SOI").   The SOI has specific knowledge of WHITT and knows WHITT to utilize the Target Telephone Number. Specifically, the SOI indicated WHITT and the SOI speak using the Target Telephone Number multiple times daily, and had most recently spoken using the Target Telephone Number on October 17, 2017.

The source of your affiant's information and the grounds for his belief are based on your affiant's personal knowledge as well as information provided to your affiant by other agents and/or

3

law enforcement officers assigned to the investigation.   Information gathered in furtherance of this order would be the most judicious and expedient method to locate and apprehend WHITT.

### Investigative Considerations and Techniques

Based on my knowledge, training, and experience, as well as information provided by investigators with specialized experience relating to cellular telephone technology, I am aware of the following facts and considerations:

A.     Wireless phone providers typically generate and retain certain transactional information about the use of each telephone call, voicemail, and text message on their system. Such information can include log files and messaging logs showing all activity on a particular account, such as local and long distance telephone connection records, records of session times and durations, lists of all incoming and outgoing telephone numbers or other addressing information associated with particular telephone calls, voicemail messages, and text or multimedia messages.

B.     Wireless phone providers also typically generate and retain information about the location in which a particular communication was transmitted or received.   For example, when a cellular device is used to make or receive a call, text message or other communication, the wireless phone provider will typically generate and maintain a record of which cell tower(s) was/were used to process that contact.   Wireless providers maintain information, including the corresponding cell towers (i.e., tower covering specific geographic areas), sectors (i.e., faces of the towers), and other signaling data as part of their regularly conducted business activities.   Typically, wireless providers maintain records of the cell tower information associated with the beginning and end of a call.

4

C.      Because cellular devices generally attempt to communicate with the closest cell tower available, cell site location information from a wireless phone provider allows investigators to identify an approximate geographic location from which a communication with a particular cellular device originated or was received.

D.      Wireless providers may also retain text messaging logs that include specific information about text and multimedia messages sent or received from the account, such as the dates and times of the messages.  A provider may also retain information about which cellular handset or device was associated with the account when the messages were sent or received.  The provider could have this information because each cellular device has one or more unique identifiers embedded inside it.  Depending upon the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Station Equipment Identity ("IMEI").  When a cellular device connects to a cellular antenna or tower, it reveals its embedded unique identifiers to the cellular antenna or tower in order to obtain service, and the cellular antenna or tower records those identifiers.

E.      Wireless providers also maintain business records and subscriber information for particular accounts.  This information could include the subscriber's full name and address, the address to which any equipment was shipped, the date on which the account was opened, the length of service, the types of service utilized, the ESN or other unique identifier for the cellular device associated with the account, the subscriber's Social Security Number and date of birth, all telephone numbers and other identifiers associated with the account, and a description of the

5

services available to the account subscriber.   In addition, wireless providers typically generate and retain billing records for each account, which may show all billable calls (including outgoing digits dialed).   The providers may also have payment information for the account, including the dates and times of payments and the means and source of payment (including any credit card or bank account number).

F.     Providers of cellular telephone service also typically have technical capabilities that allow them to collect and generate more precise location information than that provided by cell site location records.   This information is sometimes referred to as E-911 phase II data, GPS data or latitude-longitude data.   In the Eastern District of Missouri, such information is often referred to as "precision location information" or "PLI" data.   E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by attempting to triangulate the device's signal using data from several of the provider's cell towers.   Depending on the capabilities of the particular phone and provider, E-911 data can sometimes provide precise information related to the location of a cellular device.

In order to locate the **subject cellular telephone** and monitor the movements of the phone, the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, may need to employ one or more techniques described in this affidavit and in the application of the government.   The investigative agency(ies), and other authorized federal/state/local law enforcement agencies, may seek a warrant to compel VERIZON, any telecommunication service providers reflected in Attachment 1, to include providers of any type of wire and/or electronic communications   (herein incorporated by reference), and any other applicable service providers, to provide precision location information, including Global Position System information (if

6

available), transactional records, including cell site location information, and pen register and trap-and-trace data.

None of the investigative techniques that may be employed as a result of the present application and affidavit require a physical intrusion into a private space or a physical trespass. Electronic surveillance techniques such as pen register and cell site location monitoring typically have not been limited to daytime use only. Furthermore, the criminal conduct being investigated is not limited to the daytime. Therefore, the fact that the present application requests a warrant based on probable cause should not limit the use of the requested investigative techniques to daytime use only. Accordingly, the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, request the ability to employ these investigative techniques at any time, day or night.

The monitoring of the location of the **subject cellular telephone** by one of the methods described herein will begin within ten (10) days of the date of issuance of the requested Warrant and Order.

## Conclusion

Based on the above information, there is probable cause to believe that the **subject cellular telephone** is being used by DEMONTA WHITT, who is charged with violations of conditions of supervised release – Title 18, United States Code, Section 1073- Unlawful flight to avoid prosecution, and whose whereabouts are currently unknown.   There is likewise probable cause to conclude that locating and monitoring the movements of the **subject cellular telephone** will lead to the location and arrest of DEMONTA WHITT.


10/17/2017
DATE

JONATHAN LUKOWSKI
Deputy
USMS


Sworn to and subscribed before me this  17th  day of October, 2017

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE
Eastern District of Missouri

8